**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Roseann Hogan, <br><br>                     Plaintiff, <br><br> v. <br><br> Credit Counsel, Inc., and DOES 1-10, inclusive, <br><br>                     Defendants. | Civil Action No.: 1:14-cv-14681 <br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Roseann Hogan, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  Plaintiff, Roseann Hogan ("Plaintiff"), is an adult individual residing in Woburn, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by 940 CMR § 7.03.

5.  Defendant Credit Counsel, Inc. ("Credit Counsel"), is a Florida business entity with an address of 1400 NE Miami Gardens Drive, Suite 216, Miami, Florida 33179, operating

as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and a "creditor" as defined by 940 CMR § 7.03.

6. Does 1-10 (the "Collectors") are individual collectors employed by Credit Counsel and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Credit Counsel at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to PsychicPower.com, Inc. (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Credit Counsel for collection, or Credit Counsel was employed by the Creditor to collect the Debt.

11. Credit Counsel attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Defendants Engage in Harassment and Abusive Tactics

12. Within the last year, Credit Counsel called Plaintiff at least three times a week in an attempt to collect the Debt.

13. Prior to ever having communicated with Plaintiff, Credit Counsel placed a call to Plaintiff's brother and told him Credit Counsel needed to contact his sister about a legal matter, and wanted to avoid the issue going to court.

14. To date, Credit Counsel has failed to initiate any legal proceedings against Plaintiff.

### C. **Plaintiff Suffered Actual Damages**

15. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and legal status of the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

27. Defendants initiated communication via telephone with Plaintiff in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

28. Defendants contacted persons other than Plaintiff and those residing in Plaintiff's household and implied the fact of the debt to any such person, in violation of 940 CMR § 7.06(1)(a).

29. The Defendants knowingly made false or misleading representation in their communication as to the character of the debt and its status in a legal proceeding, in violation of 940 CMR § 7.07(2).

30. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 19, 2014

                        Respectfully submitted,

                        By   /s/ Sergei Lemberg

                        Sergei Lemberg (BBO# 650671)
                        LEMBERG LAW, L.L.C.
                        1100 Summer Street, 3rd Floor
                        Stamford, CT 06905
                        Telephone: (203) 653-2250
                        Facsimile:  (203) 653-3424
                        Attorneys for Plaintiff